**Franseco QARRAJ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3038.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2004.

Franseco Qarraj, Howell, MI, pro se.

David J. Kline, U.S. Department of Justice Immigration Litigation, Washington, DC, for Respondent.

Before GUY and SUTTON, Circuit Judges; and CARR, District Judge.*

*ORDER*

Franseco Qarraj, a native and citizen of Albania proceeding pro se, petitions for review of the decision of the Board of Immigration Appeals (BIA) that affirmed the decision of the immigration judge (IJ)

to deny his application for asylum, withholding of removal, and protection under the Convention Against Torture. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Qarraj entered the United States in August of 2000 without valid entry documents. He conceded removability and applied for the relief indicated above. An IJ held a hearing in August 2001. According to his application and testimony, Qarraj joined the Democratic Party in 1998 and attended meetings. His father was an officer in the party. Qarraj and his family had a dispute with a member of the Communist Party named Abedin Lajhtina. Lajhtina attacked one of Qarraj's cousins, and the cousin retaliated. Qarraj believed that his entire family was targeted for revenge by Lajhtima and his family. The IJ found that Qarraj had not corroborated his claims and that his fear of persecution was not based on political grounds. The BIA affirmed the IJ's decision without opinion, and Qarraj filed a timely petition for review.

In his petition for review, Qarraj argues that: (1) the BIA incorrectly concluded that the actions of Lajhtina against him and his family were not politically motivated; (2) the BIA ignored his documentation about human rights conditions in Albania; and (3) the BIA violated due process by making the decision on appeal without opinion. Qarraj also requests in forma pauperis status.

This case is covered by the permanent provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

1996 (IIRIRA) because the removal proceedings began after April 1, 1997, the effective date of the act. *See Balogun v. United States Att'y Gen.,* 304 F.3d 1303, 1309 (11th Cir.2002). Under the permanent rules of the IIRIRA, findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because we would have decided the case differently. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Mikhailevitch v. INS,* 146 F.3d 384, 388 (6th Cir.1998). When the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency order. *Denko v. INS,* 351 F.3d 717, 730 (6th Cir.2003).

Upon review, we conclude that the petition for review must be denied. The IJ first found that Qarraj failed to corroborate his testimony about his family. Qarraj testified that after a feud developed between his family and Lajhtina's family, his father, uncle, and cousins traveled to Italy and obtained asylum there. Qarraj's mother, younger brothers, and sisters remained in Albania. At the hearing, Qarraj said that he was in communication with both his father and his mother, and presumably could have obtained declarations from them about the circumstances surrounding their departure from Albania. Moreover, he presented no proof, other than his testimony, that either he or his parents were members of the Democratic Party, or that his father had obtained asylum in Italy. The IJ also found that Qarraj had not shown that he was persecuted on account of a political opinion. The IJ noted that the feud between Qarraj's family and Lajhtina's had more to do with land than politics. Thus, Qarraj did not show

that he had a well-founded fear of persecution based upon one of the statutory grounds for asylum. *See Ouda v. INS,* 324 F.3d 445, 451 (6th Cir.2003).

Qarraj's proof was also insufficient to justify either relief under the Convention Against Torture or the withholding of removal. To be entitled to relief under the Convention, the applicant must prove that it is more likely than not that he would be tortured if removed to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). Because Qarraj did not demonstrate his entitlement to a grant of asylum, he cannot meet the more stringent requirements under the Convention. *See Selimi v. Ashcroft,* 360 F.3d 736, 741 (7th Cir.2004). Similarly, because Qarraj did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of removal. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

Qarraj's arguments on appeal are without merit. The materials he submitted in support of his asylum application described political violence and other problems in Albania, but did not support his claim that he would be targeted for persecution because of his political opinion. As for his due process challenge, this court has held that neither the BIA's streamlining procedures for reviewing appeals nor its practice of affirming IJ decisions without issuing an opinion violates an alien's rights to due process. *Denko,* 351 F.3d at 730.

In conclusion, we grant the motion for in forma pauperis status for the limited purpose of deciding this appeal and deny the petition for review. Rule 34(j)(2)(C), Rules of the Sixth Circuit.